CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHu
MAR 28 2014
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD CORNELIUS JACKSON, | ) | Civil Action No. 7:13-cv-00341 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| A. DAVID ROBINSON, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Donald Cornelius Jackson, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., arguing that Defendants violated the rights to religious freedom, due process, and equal protection. Plaintiff names as defendants A. David Robinson, the Chief of Corrections for the Virginia Department of Corrections ("VDOC"); Linda Shear, the VDOC Food Service Dietician; Charlene Davis, a VDOC Regional Administrator Assistant; Larry T. Edmonds, the former Warden of the Buckingham Correctional Center ("BKCC"); Virginia Hunt, the Food Operations Director of BKCC (collectively known as the "Correctional Defendants"); and Naseer A. Mobashar, the former physician at BKCC. Presently before the court is Dr. Mobashar's motion to dismiss, to which Plaintiff responded, making the motion ripe for disposition. After reviewing the record, I grant Dr. Mobashar's motion to dismiss.

The general thrust of Plaintiff's action is that VDOC staff has allegedly not resolved how to prepare a medically-prescribed menu for diabetic, Islamic inmates that is free of pork and low in salt. Plaintiff also complains that the Correctional Defendants denied him a kosher diet offered to other BKCC inmates and do not give him sufficient calories. While these claims are

relevant to the conduct of the Correctional Defendants, Plaintiff does not state a claim upon which relief may be granted against Dr. Mobashar.[1]

To state a claim under § 1983 against Dr. Mobashar, Plaintiff must affirmatively show that Dr. Mobashar personally participated in an alleged deprivation of Plaintiff's rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985). For example, Plaintiff would have to show Dr. Mobashar was deliberately indifferent to a serious medical need to establish a violation of the Eighth Amendment for inadequate medical care. See, e.g., Estelle v. Gamble, 429 U.S. 97 (1976).

In the more than 100 pages of the Complaint and amendment, Plaintiff mentions Dr. Mobashar in only Claim V, titled, "Contemporary Medical Standards for the Treatment of Diabetes, or a Lack of Trust in the Department." Plaintiff identifies Dr. Mobashar's various responsibilities at the prison and also suggests ways that diabetic inmates' medical care could be improved. However, Plaintiff wholly fails to describe any act or omission by Dr. Mobashar that violated a federal right of religious freedom, due process, or equal protection.[2] Although Plaintiff filed copies of grievances that bear the responses or signatures of nurses and other medical personnel, none of the documents bear Dr. Mobashar's response or signature, and

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[2] For example, Plaintiff complains about a seven-month delay to see a dentist for a routine examination and cleaning and also a delay to see an eye doctor for a routine annual eye exam. Neither complaint implicates Dr. Mobashar, who allegedly examined Plaintiff's eye and referred him to the facility eye doctor. Furthermore, Plaintiff fails to describe any other relationship between Dr. Mobashar and dental-care or eye-care providers or VDOC food services staff who design or prepare BKCC's menus.

supervisory liability under § 1983 may not be predicated on the theory of respondeat superior, even if Plaintiff had described some supervisory relationship between Dr. Mobashar and any other medical staff. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Moreover, Plaintiff's reliance on mere labels and conclusions that Dr. Mobashar "violated Plaintiff's rights" afforded by the Constitution and RLUIPA is not sufficient to state an actionable claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (recognizing a plaintiff's basis for relief requires more than labels and conclusions). Finally, Plaintiff's dissatisfaction with how Dr. Mobashar monitored and treated Plaintiff's diabetes or "fulfill[ed] [his] obligation . . . [and] duty to provide adequate medical assistance to each and every inmate[] at [BKCC]" is also not sufficient to state an Eighth Amendment claim. See, e.g., Estelle, 429 U.S. at 105-06 (recognizing claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (recognizing an inmate's disagreement with medical personnel over the course of treatment does not state a § 1983 claim). Accordingly, I grant Dr. Mobashar's motion to dismiss and dismiss the claims against Dr. Mobashar with prejudice.

**ENTER:** This 28th day of March, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge